GOLDEN-ANDERSON VALVE SPECIALTY CO. et al. v. MONESSEN FOUNDRY & MACHINE CO. et al.

(Circuit Court, W. D. Pennsylvania. November 26, 1909.)

No. 26.

PATENTS (§ 328*)—TRANSFER OF EQUITABLE TITLE—INFRINGEMENT.

The Anderson patent, No. 901,222, for valve mechanism, *held* for an improvement on the device of patent No. 811,813 to the same inventor, the equitable title to which passed to complainant under an assignment of the latter patent by the patentee, "together with any and all improvements which I may hereafter make thereon." Both patents also *held* infringed on a motion for preliminary injunction against the patentee and a corporation of which he was an officer, and which had full knowledge of such assignment.

In Equity. Suit by the Golden-Anderson Valve Specialty Company and Charles E. Golden against the Monessen Foundry & Machine Company and Edward V. Anderson. On motion for preliminary injunction. Motion granted.

F. W. H. Clay and Marshall A. Christy, for plaintiffs.

J. M. Nesbit, for defendants.

ORR, District Judge. This is a bill filed by licensees of patents against the patentee and a corporation associated with the patentee to prevent infringement. A motion for a preliminary injunction has been made and has been fully argued. This motion is now under consideration.

The bill avers the invention by the defendant Anderson of sundry new and useful improvements in valves and the grant to Anderson of several letters patent of the United States, of which two only may be now mentioned, being Nos. 811,813 and 901,222. The bill further avers that the complainant corporation has the legal title to No. 811,813 and the equitable title to No. 901,222, by virtue of divers contracts and assignments hereinafter specially mentioned, and that the defendant corporation was fully informed thereof. The bill further sets forth that the complainant corporation, which was at one time manufacturing valves, entered into a contract with the defendant corporation, whereby the latter would manufacture the valves for the account of the former, and whereby for that purpose the latter had acquired the machinery theretofore used by the former; that said agreement was still in force; that, nevertheless, the defendant corporation, in conjunction with the defendant Anderson, were manufacturing valves covered by each and both of said letters patent, in open and notorious competition with the complainants. The bill prays for the customary relief.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Inde.es

# 724   177 FEDERAL REPORTER.

The title of the complainant corporation as set out in the bill is clearly sustained by the proofs. On the 11th of November, 1904, the said Anderson and the said Golden entered into an agreement reciting that: Whereas Anderson has invented an improvement on valves, an improvement on cocks, an improvement in traps, an improvement in altitude valves, an improvement in float valves, an improvement in pressure-reducing valves, an improvement in non-return valves, and improvements in railroad water columns or standpipes with valves, complete for the various types for which he desired to make application for letters patent of the United States; and whereas Golden was desirous of acquiring an interest in said inventions and each and all of them and in the letters patent to be obtained therefor, the said Golden should pay all reasonable expenses of obtaining letters patent for each and all of the said inventions, including the aforesaid application on file, "together with any improvements" which the said Anderson "may hereafter make thereon"; and providing that the said Anderson should assign to said Golden a two-thirds interest in and to each and all of the said inventions; and further providing, after setting forth that it was the purpose of the parties to license others to manufacture and sell the apparatus embodying said inventions, that the royalties and license fees should be distributed, one-third to the said Anderson and two-thirds to the said Golden.

On April 14, 1906, in pursuance of said agreement of November 11, 1904, the said Anderson executed an assignment to the said Golden, in which he recited said former agreement, and affirms that by the same he agreed to assign and convey to said Golden an undivided two-thirds interest in the inventions made by him as enumerated in said agreement, "together with all improvements which I should thereafter make thereon"; and he then assigned three letters patent, including letters patent No. 811,813, aforesaid, and also certain other inventions for which he had made application for letters patent, being application Serial No. 264,315 (patent No. 819,497), and covered in said assignment, "the inventions therein respectively described, and claimed or intended so to be, together with any and all improvements which I may hereafter make thereon, or upon any of them." On July 9, 1906, the said Anderson and Golden entered into a contract with the Golden-Anderson Valve Company, the complainant corporation, wherein it was recited that the said Anderson and Golden were vested with the entire title to five letters patent, including 811,813, and the inventions described in three applications then on file in the patent office, and reciting that the corporation was desirous of acquiring the exclusive license to manufacture all of said inventions, "together with any and all improvements thereon which either or both of said parties, either severally or jointly, may make or acquire." On December 23, 1907, Anderson, without the knowledge of Golden, filed an application (No. 407,826) for a new and useful improvement in valves, and received letters patent No. 901,222. Claim 1 in said patent is as follows:

"In a valve mechanism, the combination of a casing having a passage throughout, a valve controlling said passage, a cylinder, a piston arranged in said cylinder, a port or passage through the piston for conducting fluid un-

der pressure to that side of the piston where it will operate to shift the valve to closed portions."

This patent Anderson refused and still refuses to assign to either of the complainants, although covered by the above-recited agreements.

Anderson's denial that the said agreements were not intended to include No. 901,222 will not avail him, especially when we consider his recitals in application No. 471,113, filed January 7, 1909. He says that the invention contained was:

"A non-return valve, having in combination a casing having a passage therethrough, a valve controlling said passage, a cylinder, a piston arranged in said cylinder, a port on one side of said piston adapted to be connected to a source of pressure, a port on the opposite side of said piston adapted to be connected to a line of pipe extending from said source of pressure."

This claim 1 in said application is a very accurate description of the invention of patent No. 901,222. On the day when said application was signed and executed, Anderson executed an assignment of an interest in the invention therein recited to Golden, and both assigned to complainant company, and in said assignment stated that the same were made because said invention was included within the terms and meaning of the original agreement between them dated November 11, 1904. The invention recited in said application being within the terms of said agreement, it must have been the intention of the parties that patent No. 901,222 was also within the agreement, because of the remarked identity of claims. It follows, therefore, that the complainant corporation, by the agreement of July 9, 1906, above referred to, became the equitable owner of No. 901,222.

The connection between Anderson and his codefendant is clear. Prior to May 28, 1906, the Golden-Anderson Valve Specialty Company had been manufacturing the Anderson valves, and owned machinery and equipment for that purpose. On that date, by agreement in writing, the Monessen Foundry & Machine Company acquired such machinery, and undertook to thenceforth manufacture the valves for and on account of the former. This contract is still in force. That agreement recited the title of the Golden-Anderson Valve Specialty Company to the five several patents, including No. 811,813, "together with all other patent rights which the said Edward V. Anderson or Charles E. Golden, of the Golden-Anderson Valve Specialty Company, may hereafter procure," etc. Anderson immediately afterward became and is now the vice president of the defendant company. Before patent No. 901,222 was applied for, the president of the defendant company and the said Anderson were doubtful as to the inclusion of the invention covered by the said patent within the terms of Anderson's agreements with the complainants. They acted under mistaken advice, and resolved the doubt in their own favor. The defendants admit that they are now manufacturing valves covered by letters patent No. 901,222.

Reserving for further consideration the charge of infringement of No. 811,813, I am of opinion that the controversy with respect to No. 901,222 is not alone a matter of title but of infringement, and therefore arises under the patent laws of the United States. Authority for this is found in Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577, a pro-

ceeding instituted by a licensee against the patentee and inventor. The difference between the valve described in No. 811,813 and that described in No. 901,222 is so slight that the latter must be considered an improvement upon the former. In the former a piston is movable; in the latter it is not. This is the sole difference, and for the purpose of this case is immaterial.

The defendants, with full knowledge of complainant's title, are infringers of both patents No. 901,222 and No. 811,813, and should be enjoined by preliminary injunction, as prayed for.